UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JENEA WHITE,

    Plaintiff,

vs.

HARBOR GROUP MANAGEMENT CO., LLC,

    Defendant.

## **COMPLAINT**

Plaintiff, Jenea White ("Plaintiff"), sues Defendant, Harbor Group Management Co., LLC ("Harbor Group" or "Defendant"), and alleges as follows:

1. Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff asserts that Plaintiff performed primarily non-exempt duties during her employment with Plaintiff but never received overtime compensation for hours worked in excess of 40 in a workweek.

2. Plaintiff seeks all damages provided for under the FLSA, including attorneys' fees and costs.

## **PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

4. During the relevant period, Plaintiff was a resident of Miami, Florida.

5. Defendant is a business entity which, during the relevant period, was a Foreign Limited Liability Company that did business in Miami, Florida.

6. During the relevant period, Defendant operated, conducted, engaged in, and/or

carried on a business venture in Miami, Florida through its agents and apparent agents, or had an office or agency in Miami, Florida.

  7.  Jurisdiction is conferred upon this Court by:

    a)  28 U.S.C. § 1331; and

    b)  29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

  8.  This Court has original jurisdiction over claims arising under the FLSA.

  9.  Venue is proper in the Southern District of Florida because:

    a)  Plaintiff was employed by Defendant in the Southern District of Florida; and

    b)  The acts that give rise to the claims by Plaintiff occurred in the Southern District of Florida; and

    c)  During the relevant period, Defendant kept an office for the transaction of its customary business in the Southern District of Florida.

  10.  During the relevant period, Defendant was an enterprise that engaged in interstate commerce and had annual gross revenue in excess of $500,000.

  11.  During the relevant period, Defendant employed two or more individuals that customarily and regularly sold and/or marketed and/or distributed its services and/or goods and/or services to customers throughout the United States and across state lines.

  12.  During the relevant period, Defendant solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside the state of Florida, and regularly engaged in interstate commerce.

13. During the relevant period, Defendant used goods, tools, and equipment that moved in interstate commerce.

14. During the relevant period, Defendant accepted checks, wire transfers, and/or other forms of payments that were made or processed outside the state of Florida.

15. During the relevant period, Defendant was an "employer" pursuant to the FLSA.

16. During the relevant period, Defendant was an enterprise engaged in commerce as defined in 29 U.S.C. § 203.

17. During the relevant period, Plaintiff was an "employee" pursuant to 29 U.S.C. § 203(e)(1), and was an employee of Defendant.

18. During the relevant period, Defendant failed to comply with 29 U.S.C. § 201 *et seq.* in that Plaintiff was not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

19. Claims under the FLSA do not have prerequisites or preconditions to filing a lawsuit and therefore, Plaintiff has met any prerequisites and preconditions to filing this lawsuit.

## FACTUAL ALLEGATIONS

20. Plaintiff began working for Harbor Group on or about March 14, 2022 in Harbor Group's ParkLine Miami apartment building located at 100 NW 6th Street, Miami, Florida 33136.

21. ParkLine Miami is a luxury, two tower high rise which has approximately 816 units.

22. Plaintiff remained employed by Harbor Group until she was unlawfully terminated on or about December 28, 2022.[1]

23. After being terminated, Plaintiff was offered a severance agreement which required

---

[1] Plaintiff is also filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission for discrimination and retaliation.

Plaintiff to, among other things, provide Harbor Group with a general release.

24. Around the time of being hired, Plaintiff was provided an offer letter. According to Plaintiff's offer letter, Plaintiff was hired for a "SR. Property Manager" position and was offered a "Base Pay" of "$100,000 [Hourly Rate] per hour." Plaintiff was scheduled to work 40 hours per week. *See* Offer Letter at **Exhibit 1**.

25. In addition, Plaintiff's offer letter confirmed that she was a "**non-exempt employee** under the management of Deanna Blankenship." *See id.* (emphasis added).

26. Plaintiff reported to, and was regularly overseen by, Ms. Blankenship, who was the "Corp. Multifamily Regional Mgmt – Regional Manager" of Defendant. *See id.*

27. Throughout Plaintiff's employment at Harbor Group, Plaintiff regularly worked in excess of 40 hours in a workweek but did not receive time and one half of her regular rate for overtime hours.

28. Plaintiff did not have a set schedule and frequently worked nights and weekends.

29. Defendant had knowledge of Plaintiff's overtime hours and non-exempt employment duties, but purposefully failed to provide her overtime pay in violation of the FLSA.

30. In addition to Defendant classifying Plaintiff as non-exempt (*see* Ex. 1), Plaintiff performed primarily, if not exclusively, non-exempt work under the close supervision of Defendant.

31. Plaintiff spent most of her time completing routine paperwork, performing data entry tasks, and interacting with residents. Plaintiff had no discretion as to how to manage her daily affairs and any suggestions she made concerning vendors, tenants, or leasing operations were frequently rejected by her supervisor.

32. Plaintiff's primary duty was not managing any unit, subdivision, department, or

team.

33. Further, Plaintiff did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

34. Plaintiff did not have the authority to discipline, hire, or fire anyone and any recommendation she made regarding discipline, hiring, or firing was ignored and/or not given particular weight.

35. Plaintiff did not exercise independent judgment and discretion on matters of significance.

36. Plaintiff had to regularly prepare lengthy emails to her supervisor addressing outstanding issues and therein, if Plaintiff made any suggestions or recommendations, they were rejected by her supervisor.

37. Plaintiff's primary duties were neither management nor administrative, and Plaintiff did not customarily and regularly perform exempt duties under the FLSA.

38. Plaintiff did not have any authority to set and adjust the rates of pay and hours of work for any employee.

39. Plaintiff did not write or assist with preparing any policies.

40. Therefore, Defendant properly classified Plaintiff as non-exempt, yet failed to pay overtime compensation for hours worked in excess of 40 in a workweek.

41. In the course of employment with Defendant, Plaintiff worked the number of hours Defendant required of Plaintiff, but was not paid time and one half for all hours worked in excess of 40 during a workweek.

42. Defendant failed to keep time records for hours worked by Plaintiff.

43. Defendant failed to pay Plaintiff based on the actual number of hours she worked

and at the proper rate. In fact, Plaintiff's offer letter makes clear that her "Base Pay" was only intended to cover her for 40 hours of work each week. *See* Ex. 1.

44. Defendant's FLSA violations were willful and intentional.

45. Plaintiff consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action on her behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
## OVERTIME VIOLATIONS AGAINST DEFENDANT UNDER THE FLSA

46. Plaintiff re-adopts every factual allegation as stated in paragraphs 1 through 45 above as though fully recited herein.

47. Plaintiff performed primarily, if not exclusively, non-exempt duties and therefore, was entitled to be paid time and one half her regular rate for all hours worked in excess of 40 in each workweek.

48. Plaintiff's offer letter confirmed that Plaintiff was classified as a non-exempt employee. *See* Ex. 1.

49. Plaintiff regularly worked in excess of 40 hours each workweek; however, Defendant failed to pay the overtime wage required by the FLSA.

50. The FLSA required that Defendant pay Plaintiff time and one half her regular rate for all hours worked in excess of 40 hours per workweek.

51. During Plaintiff's employment with Defendant, Plaintiff worked approximately 70-80 hours per week. However, Plaintiff was never paid the required overtime compensation.

52. During the relevant period, Defendant failed to comply with 29 U.S.C. § 201 *et seq.* and 29 C.F.R. §§ 516 *et seq.* in that Plaintiff performed services and worked for Defendant in excess of 40 hours per workweek but no provision was made by Defendant to properly pay Plaintiff

at the rate of time and one half her regular rate for all hours worked in excess of 40 hours per workweek.

53. The failure to pay overtime compensation to Plaintiff was unlawful in that Plaintiff was not exempt from the overtime provisions of the FLSA.

54. Defendant knew and showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owes Plaintiff overtime wages.

55. Plaintiff is entitled to recover liquidated damages under the FLSA as a result of Defendant's intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Plaintiff actual damages for unpaid overtime compensation;

C. Award Plaintiff liquidated damages;

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees;

E. Award Plaintiff all recoverable interest; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: January 25, 2023

        Respectfully submitted,

        **BT LAW GROUP, PLLC**
        3050 Biscayne Blvd., Suite 205
        Miami, Florida 33137
        Tel: (305) 507-8506

        By: s/ Anisley Tarragona
        **ANISLEY TARRAGONA, ESQ.**
        Florida Bar No. 51626
        anisley@btattorneys.com
        **JASON D. BERKOWITZ, ESQ.**
        Florida Bar No. 0055414
        jason@btattorneys.com
        Attorneys for Plaintiff